No. 23,711.

CHARLES F. LEWIS, *Appellee*, v. THE ANTHONY REPUBLICAN PUB-
LISHING COMPANY, *Appellant*.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

LIBEL—*Newspaper Publication—Limitation of Actions.* The time during
which a plaintiff was in the military service of the United States in the
World War cannot be computed as part of the period allowed by the civil
code within which an action for libel may be brought.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion deny-
ing a rehearing filed July 8, 1922. (For original opinion of affirmance see
*ante*, p. 257, 206 Pac. 873.)

*E. C. Wilcox,* and *Myrtle Youngberg,* both of Anthony, for the appellant.
*Adrian S. Hauck,* of Medicine Lodge, for the appellee.

*Per Curiam:* In a motion for leave to file an additional petition
for a rehearing, appellant urges that the action was barred by the
statute of limitations.

Not so. The statute reads:

"Civil actions . . . can only be brought within the following periods.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"*Fourth*—Within one year: An action for libel, . . ." (Civ. Code, § 17.)

By the act of congress, approved March 8, 1918, it is provided:

"SEC. 205. That the period of military service shall not be included in
computing any period now or hereafter to be limited by any law for the
bringing of any action by or against any person in military service or by or
against his heirs, executors, administrators, or assigns, whether such cause of
action shall have been secured prior to or during the period of such service."
(40 U. S. Stat. 443.)

The constitution of the United States provides:

"This constitution, and the laws of the United States which shall be made
in pursuance thereof; and all treaties made, or which shall be made, under
the authority of the United States, shall be the supreme law of the land; and
the judges in every state shall be bound thereby, anything in the constitution
or laws of any state to the contrary notwithstanding." (Art. VI.)

The alleged libellous article was published on April 25, 1918.
Plaintiff's petition alleged:

"That on the 22nd day of April, 1918, the plaintiff left his home in the
County of Harper and duly enlisted in the service of the United States and

was by the Government of the United States taken to Camp Funston and from there to France. That on or about the 12th day of April, 1919, plaintiff was, by said government of the United States, duly discharged from the service of the United States and returned on or about said date to his home in the county of Harper, State of Kansas."

The action was begun on March 9, 1920. The time the plaintiff was absent from home as a soldier in the service of his country cannot be "included in computing any period now or hereafter to be limited by law for the beginning of any action by . . . any person in military service."

So reads the supreme law of the land. It is too plain to require discussion. Rehearing denied.