Nos. 43,316, 43,393 and 43,425

ARTHUR G. JONES, *Appellee,* v. DAVID LEE GARRETT, *Appellant.*

(386 P. 2d 194)

Opinion filed November 2, 1963.

*Aubrey Neale,* of Coffeyville, argued the cause, and *Ray A. Neale,* of Coffeyville, and *Jake L. Liberman,* of Caney, were with him on the briefs for the appellant.

*Simeon Webb,* of Pittsburg, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for personal injuries sustained by plaintiff (appellee) Arthur G. Jones as a result of being struck by an automobile driven by defendant (appellant) David Lee Garrett upon the city streets of Caney.

On January 10, 1961, plaintiff filed his petition against defendant in the district court alleging that on July 30, 1959, the plaintiff, while working on the city street, was struck by an automobile being driven by the defendant; that as a direct and proximate result of the impact plaintiff suffered certain permanent injuries. The petition set forth certain specific acts of negligence on the part of the defendant that were the proximate cause of plaintiff's injuries. Plaintiff sought judgment in a specified amount.

At the time of the accident defendant was a resident of the state of Kansas and subject to service of process in this state until February 15, 1960, when he absented himself from the state as a member of the armed forces, and has been absent continuously since that date. Several attempts were made by plaintiff to obtain service of summons on defendant within the state, the last attempt being made February 23, 1961. On November 20 defendant appeared specially and moved to quash the latter service of summons, which motion was sustained by the trial court on March 20, 1962. On the same day plaintiff filed his second amended petition, which was identical with his first amended petition, and attached thereto an affidavit alleging the defendant was not at the time a resident of the state of Kansas, and requested summons be issued under the provisions of G. S. 1961 Supp., ch. 8, art. 4; and on the same day the trial court made an order for service on the defendant by serving the secretary of state, pursuant to the mentioned statute. Summons was served on the secretary of state on March 31, 1962, and a copy of the summons and second amended petition was served on defendant by registered mail.

Subsequently defendant appeared specially and moved to quash the attempted service of summons for the reasons defendant was a resident of Kansas on the date of the accident, July 30, 1959, and that the court acquired no jurisdiction of the defendant by reason of the service from the secretary of state under the provisions of chapter 8, article 4, aforesaid, which law became effective July 1, 1961. Defendant's motion to quash was overruled, from which order defendant appeals.

Sequentially defendant demurred to the plaintiff's second amended petition on the ground the court had no jurisdiction. Pending hearing on this demurrer, plaintiff was granted permission, over defendant's objection, to again amend his petition to include the following:

"Comes now the plaintiff, Arthur G. Jones, and for his cause of action against the defendant above named, alleges and states:

"1. That he is a resident of and his correct post office address is 110 Shale, Coffeyville, Kansas; that defendant David Lee Garrett, is a resident of and his correct post office address is 108 West Third Street, Caney, Kansas; that said defendant, David Lee Garrett, after the cause of action herein stated against him arose, did depart from the state of Kansas on or about February 15, 1960, and has been absent from the state of Kansas as a member of the United States Air Force continuously from that date to the present time, and by reason thereof, the time subsequent to February 15, 1960, is not computed for the purpose of the running of the statute of limitations as the same pertains to this cause of action."

On October 18, 1962, the court overruled defendant's demurrer to plaintiff's petition as finally amended, from which order defendant appeals.

At the time plaintiff's cause of action against defendant accrued, July 30, 1959, there was in force and effect G. S. 1949, 8-401, which provided that the acceptance by a nonresident person of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state would be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful agent, upon whom could be served all lawful process in any action or proceeding against said nonresident, growing out of any accident or collision in which said automobile might be involved, while such vehicle was operated in the state by such nonresident; and said acceptance or operation of said vehicle would be a signification of his agreement that any such process against him which was so served on the secretary of state would

be of the same legal force and validity as if served upon him personally within the state.

The mentioned law was amended (G. S. 1961 Supp., 8-401, effective July 1, 1961) by the addition of the following provision:

"(*a*) As used in this act, each of the following words and terms, unless the context clearly requires otherwise, shall have the meaning respectively ascribed to it in this section: (1) 'Nonresident' or 'nonresident person' shall mean: (A) A person who is a nonresident of this state; (B) a person who is a resident of this state and who departs from this state subsequent to the accident or collision from which the action or proceeding against him or his representative arose and remains absent from this state for thirty (30) days continuously, whether such absence is intended to be temporary or permanent; (C) a person who at the time of the accident or collision from which the action or proceeding against him arose was a resident of this state but who has subsequently thereto become a nonresident of this state; (2) 'representative' shall have the meaning respectively ascribed to it in subsection (1) of section 59-102 of the General Statutes of 1949."

The remainder of the amended section re-enacted the wording of the old law and was in full force and effect at the time the cause of action in the instant case arose.

The amended statute embodied no saving clause as to existing litigation. There is no dispute between the parties but that defendant Garrett was served with process in conformity with the 1961 law in force at the time of service. The question confronting this court is whether or not the amendment is effective to confer jurisdiction on the trial court inasmuch as the 1961 amendment added certain definitions of "nonresident" or "nonresident person."

The defendant contends the statute as amended is substantive and not procedural and, therefore, acts only prospectively and not retrospectively. The plaintiff contends the statute is procedural and remedial, does not affect vested rights, and, therefore, should be applied retroactively.

In this state, as in many other states, the rule that statutes in derogation of the common law should be strictly construed has been made inapplicable by legislative enactment. (G. S. 1949, 60-102; G. S. 1949, 77-109.) This court has followed the mandate of the legislature and has expressed a liberal attitude in construing chapter 8, article 4, of the motor vehicle act. (*Eisman v. Martin*, 174 Kan. 726, 731, 258 P. 2d 296.) G. S. 1949, 77-201, *First*, provides that the provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions and not as a new enactment. This statute and

our decisions compel the application in the instant case of the rule that ordinarily language of an earlier statute, which is preserved in an amendment, is deemed to speak as of the time of the original enactment and not as of a later date. (*Pinkston v. Rice Motor Co.*, 180 Kan. 295, 307, 303 P. 2d 197.) It will be noted that the 1961 amended statute actually did not change the substance or wording of the previous statute but rather supplied only a definition for the word "nonresident." It clearly appears that in defining "nonresident" to include a person who at the time of the accident or collision from which the action or proceedings against him arose was a resident of this state, but who has subsequently thereto become a "nonresident" of this state, reflects the fact the legislature intended such provision have retroactive application.

Procedure has been defined as the mode or proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which, by means of the proceeding, the court is to administer—the machinery, as distinguished from its product; that which regulates the formal steps in an action or other judicial proceeding—a form, manner, and order of conducting suits or prosecutions. It is the machinery for carrying on the suit, including pleading, *process*, evidence, and practice, whether in the trial court or the appellate court, or in the processes by which causes are carried to the appellate court for review, or in laying the foundation for such review. (Black, Law Dictionary [4th ed. 1951] Procedure, pp. 1367, 1368; 34 Words and Phrases, per. ed., Procedural, p. 118; *Ogdon v. Gianakos*, 415 Ill. 591, 596, 114 N. E. 2d 686.)

Practice has been defined as the form or mode or proceeding in courts of justice for the enforcement of rights or the redress of wrongs, as distinguished from the substantive law which gives the right or denounces the wrong; the form, manner, or order of instituting and conducting a suit or other judicial proceeding, through its successive stages to its end, in accordance with the rules and principles laid down by law or by the regulations and precedents of the courts. (Black, Law Dictionary [4th ed. 1951] Practice, p. 1335; 33 Words and Phrases, per. ed., Practice, p. 179, *et seq.*)

In other words, procedure or practice is the mode or proceeding by which a legal right is enforced, that which regulates the formal steps in an action or other judicial proceedings; a form, manner, or

order of conducting suits or prosecutions. (*Ogdon v. Gianakos,* supra.)

The process section of our motor vehicle act here in question is certainly not a part of the law which creates, defines or regulates rights. It is not part of the law creating any liability against the defendant for his alleged tort committed. It merely sets out a proper method for obtaining jurisdiction in specific instances and the means of acquiring jurisdiction is properly denominated as process. The issuance or service of process is not what makes one a party to a suit; it is merely a step in obtaining jurisdiction of his person after he is a party to a suit. The cause of action is the wrong done and arises from the manifestation of a right or an obligation or duty. (*Foster v. Humburg,* 180 Kan. 64, 299 P. 2d 46.) The right of action exists when a person or his property is injured or damaged by the use of a motor vehicle upon the Kansas highways. Plaintiff's right of action came into existence when he was injured. Process is no part of the cause of action.

Sections 8-401 and 8-402 of the motor vehicle act of this state, as amended by the 1961 act, set forth the manner of serving process on a nonresident operator *or upon the operator who at the time of an accident was a resident of Kansas but since has become a nonresident.* It is a part of the procedure to be employed in obtaining a redress for the injury and damage alleged to have been sustained by the negligence of the defendant as set forth in the petition. It is a part of the law of procedure and not a part of our substantive law, and certainly affects no vested right of the defendant. (*Ogdon v. Gianakos,* supra.)

It is the law of this state that a statute which merely changes a remedy is not invalid, as there are no vested rights in any particular remedy. While generally statutes will not be construed to give them retroactive application unless it appears that such was the legislative intent, nevertheless when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a saving clause as to existing litigation. (*Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P. 2d 860, 155 A. L. R. 546; *Ogdon v. Gianakos,* supra; *Tellier v. Edwards,* 56 Wn. 2d 652, 354 P. 2d 925; 50 Am. Jur. 505, Statutes § 482; 82 C. J. S. 996, 997, Statutes § 421.)

The statute provides for substituted service of process upon a nonresident motorist or upon a resident motorist who subsequently leaves the state and becomes a nonresident. It operates to confer jurisdiction upon the state court and requires such motorist to answer for his conduct in the state where the action alleged against him arose as well as to provide a plaintiff a convenient method by which he may sue and obtain substituted service to enforce his right. It is a statute for the benefit of the injured person and not for the benefit of a nonresident motorist or a resident motorist who causes the injury within the jurisdiction of the state and then by absenting himself avoids service and prevents recovery.

It has been held a valid exercise of the police power of this state to regulate, limit and control the use of its highways in order to promote the safety and general welfare of the people, and this power extends to use by nonresidents as well as residents. (*Riddle v. State Highway Commission,* 184 Kan. 603, 339 P. 2d 301; *Smith v. State Highway Commission,* 185 Kan. 445, 346 P. 2d 259.)

The appointment by the legislature of the secretary of state as an agent of a defendant for service of process in suits arising from defendant's alleged negligence in the operation of a motor vehicle upon the highways of this state has been held a valid exercise of the police power. The justification for such substituted service upon former residents is the same for substituted service upon non-residents, which has been approved in *Hess v. Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; *Ogdon v. Gianakos,* supra; and *Tellier v. Edwards,* supra.

The 1961 statute providing for service on the secretary of state in the case of a motorist who is involved in an accident while a resident but who subsequently becomes a nonresident merely affects the law of procedure and not the substantive law, disturbs no vested right nor contractural obligation of such person, and does not offend either the Constitution of this state or the United States. (*McGee v. International Life Ins. Co.,* 355 U. S. 220, 78 S. Ct. 199, 2 L. Ed. 2d 233; 16A C. J. S. 108, Constitutional Law § 418. See, also, 12 Kan. L. Rev. 70, 71 [1963] *Retroactivity.*) Consequently, such statute is given retroactive application.

Defendant contends this action is barred by the two-year statute of limitations (G. S. 1949, 60-306, *Third*). Plaintiff asserts inasmuch as defendant has been absent from the state as a member of the armed forces at all time since February 15, 1960, the statute of

limitations is tolled by the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A. App. § 525, which provides, in pertinent part, that the period prescribed by any law for the bringing of an action in any court by or against any person in the military service shall be computed by excluding the time spent in military service.

The wording of section 525 is too plain to require discussion. This and other courts have held that in an action against a serviceman a statute of limitations otherwise applicable has, by virtue of section 525, been tolled during the period of military service. (*Lewis v. Publishing Co.*, 111 Kan. 653, 208 Pac. 254; *Green v. Insurance Co.*, 112 Kan. 50, 54, 209 Pac. 670; *Zitomer v. Holdsworth*, 178 F. Supp. 504.) The fact that defendant might have been served with summons during the period of the statute of limitations is immaterial. Availability or nonavailability for service of summons has nothing to do with the result. The critical factor which brings section 525 of the act into play is that of military service. When that circumstance is shown, the period of limitation is automatically tolled during the duration of that service. (*Zitomer v. Holdsworth*, supra.) The act, 50 U. S. C. A. App. § 521, provides for no absolute bar to proceedings against one in the military service. (*Fourth National Bank v. Hill*, 181 Kan. 683, 314 P. 2d 312.)

Defendant contends it was an abuse of discretion for the trial court to permit an amendment to the petition after a demurrer had been lodged thereto. The amendment did not set up a new cause of action but merely tended to show that defendant was absent from the state as a member of the armed services during the time specified in the amendment, thereby tolling the statute of limitations on the cause of action stated in the original petition. Under the provisions of the statute (G. S. 1949, 60-759) great latitude is given to the trial court in the matter of amendment to pleadings with a view of curing defects, supplying omissions and preventing injustice. (*Reed v. Western Light & Tel. Co.*, 155 Kan. 134, 138, 139, 122 P. 2d 723; *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 89, 283 P. 2d 444; *Fisher v. Pendleton*, 184 Kan. 322, 333, 336 P. 2d 472, 74 A. L. R. 2d 1274.) Courts will guard the rights of parties by permitting amendments to be made where they will accomplish justice. The court did so in this case.

In view of what has been said it is our conclusion the trial court had jurisdiction of the defendant and did not err in overruling defendant's motion to quash the service of summons or in permitting

plaintiff to amend his petition or in overruling defendant's demurrer to plaintiff's petition as amended. The judgment of the trial court is affirmed.