**Ophelia R. ROSS, Plaintiff-Respondent,**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Defendant-Petitioner.**

Court of Appeals of Tennessee, Western Section.

Sept. 18, 1979.

Permission to appeal denied by Supreme Court Dec. 3, 1979.

Don G. Owens, Jr., Memphis, for defendant-petitioner.

Lewis K. Garrison, Memphis, for plaintiff-respondent.

SUMMERS, Judge.

There is a single issue presented for review is this case. Is the amendment to the uninsured motorist law, T.C.A. 56–1153, which was effective May 14, 1975, retroactive in its application?

The parties in this case stipulated certain facts which are:

1. On September 6, 1973, Fred D. Ross was insured by the Tennessee Farmers Mutual Insurance Company under an automobile liability policy which contained the then current Uninsured Motorist Provision.

2. On September 6, 1973, Fred D. Ross was involved in an automobile accident with one William Davis.

3. On November 30, 1973, Fred D. Ross filed a damage suit against William Davis.

4. Service of Process was never had on William Davis.

5. On July 19, 1976, and again on August 20, 1976, the summons of Fred D. Ross in the suit against William Davis was amended and the Defendant, Tennessee Farmers Mutual Insurance Company, was served pursuant to T.C.A. 56–1153 as amended.

Fred D. Ross died during the pendency of this suit. The plaintiff-respondent, Ophelia R. Ross, his wife, was substituted in his place.

On February 16, 1979, an order was entered by the court finding that the amendment to T.C.A. 56–1153, which was effective May 14, 1975, was retroactive so as to require the defendant-petitioner, State Farm Mutual Insurance Company, to proceed as if it were the only defendant. That order of February 16, 1979, also granted the defendant an appeal on that issue to this court.

We must agree with the trial judge in his conclusion on the issue presented. A new law changing a rule of practice is applicable to all cases then pending. *Frame v. Marlin Firearms Company, Inc.*, 514 S.W.2d 728 (1974).

Justice Brock said in *Saylors v. Riggsbee*, 544 S.W.2d 609 (1976):

Remedial or procedural statutes apply retrospectively not only to causes of action arising before such acts become law, but to all suits pending when the legislation takes effect, *Frame v. Marlin Firearms Co.*, 514 S.W.2d 728 (Tenn.1974); *Mid-South Milling Co., Inc. v. Loret Farms, Inc.*, 521 S.W.2d 586 (Tenn.1975), unless the legislature indicates a contrary intention or immediate application would produce an unjust result, *Roberts v. Knoxville Transit Lines*, 36 Tenn.App. 595, 259 S.W.2d 883 (1953). The usual test of the "substantive" or "procedural" character of a statute for this purpose is to determine whether or not application of the new or amended law would disturb a vested right or contractual obligation. *Mid-South Milling Co., Inc. v. Loret Farms Inc., supra, National Life & Accident Insurance Co. v. Atwood*, 29 Tenn.

App. 141, 194 S.W.2d 350 (1946). The test of retroactivity is well amplified by a Kansas case, *Jones v. Garrett*, 192 Kan. 109, 386 P.2d 194 (1963) which describes "procedure" as:

"[T]he mode or proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which by means of the proceeding, the court is to administer—the machinery, as distinguished from its product; . . . including pleading, *process*, evidence, and practice . . . Practice [is] the form . . . for the enforcement of rights or the redress of wrongs, as distinguished from the substantive law which gives the right or denounces the wrong . . . ." 386 P.2d at 198–199. (Emphasis added.)

In reading the amended statute, we can find nothing which would indicate that the legislature intended for it to be applied only to future cases. We do not think that the application of this amendment to cases pending would produce an unjust result. The insured paid a premium to the insurance carrier for uninsured motorist coverage, and the insurance company is obligated for this coverage. The amendment did not drastically change the risk under the policy as the defendant alleged.

We affirm the judgment of the trial court that the amendment to T.C.A. 56–1153 was retroactive so as to require the defendant in this case to proceed as if it were the only defendant. The costs in this appeal are adjudged against the defendant.

MATHERNE and EWELL, JJ., concur.