The Honorable Jerry Moran State Senator, 37th District P.O. Box 128 Hays, Kansas 67601
Joseph O'Sullivan Reno County Counselor 315 W. First Street P.O. Box 2066 Hutchinson, Kansas 67504-2066
Dear Senator Moran and Mr. O'Sullivan:
You each have requested our opinion regarding the 1994 amendment to K.S.A. 1993 Supp. 79-2005. Specifically you question whether new subsection (b) of that statute should be applied retroactively or prospectively.
Prior to enactment of subsection (b), taxpayers dissatisfied with the value assigned to their property could appeal the valuation under K.S.A. 1993 Supp. 79-1448, pay the taxes under protest pursuant to K.S.A. 1993 Supp. 79-2005, or pursue both avenues. L. 1994, ch. 275, sec. 3(b) did away with the ability to pursue both options, requiring taxpayers to make a choice between the two:
 "No protest appealing the valuation or assessment of property shall be filed pertaining to any year's valuation or assessment when an appeal of such valuation or assessment was commenced pursuant to K.S.A. 79-1448, and amendments thereto, nor shall the second half payment of taxes be protested when the first half payment of taxes has been protested. Notwithstanding the foregoing, this provision shall not prevent any subsequent owner from protesting taxes levied for the year in which such property was acquired, nor shall it prevent any taxpayer from protesting taxes when the valuation or assessment of such taxpayer's property has been changed pursuant to an order of the director of property valuation." L. 1994, ch. 275, sec. 3.
The enactment of which this section is a part took effect July 1, 1994. L. 1994, ch. 275, sec. 18; K.S.A. 45-310; 45-311; 1994 Session Laws of Kansas. Unlike other sections in the bill, section 3 is not specifically made retroactive. Compare section 13 of L. 1994, ch. 275. However, because valuation and assessment appeals under K.S.A. 1993 Supp. 79-1448 must be commenced on or before April 15 for real property and May 15 for personal property, there may be those who commenced such an appeal prior to the date the bill was passed (April 25, 1994), and/or prior to the date the amendment to K.S.A. 1993 Supp. 79-2005 took effect. Similarly, some property owners may have initiated valuation appeals in prior years, did not pay the taxes when due, and may now desire to pay the delinquent taxes under protest. Unless new subsection (b) is determined to operate only prospectively for valuation or assessment appeals commenced after July 1, 1994, it will adversely affect those people who chose to pursue valuation or assessment appeals prior to its enactment, thinking they could also pay under protest, and in that sense it would have a retroactive effect.
The rule for determining whether a statute should be given retroactive effect has been consistently stated as follows:
 "The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. [Citations omitted.] A number of cases declare that the preceding rule mandates that a statute is not to be given retrospective application unless the intent of the legislature is `clearly' and `unequivocally' expressed. [Citations omitted.] This rule of statutory construction is normally applied when an amendment to an existing statute or a new statute is enacted which creates a new liability not existing before under the law or which changes the substantive rights of the parties.
. . .
 "The general rule of statutory construction just discussed is modified, however, where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. [Citations omitted.] The rule is stated in Jones v. Garrett, 192 Kan. 109, 386 P.2d 194
(1963), as follows:
 "`It is the law of this state that a statute which merely changes a remedy is not invalid, as there are no vested rights in any particular remedy. While generally statutes will not be construed to give them retroactive application unless it appears that such was the legislative intent, nevertheless when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a saving clause as to existing litigation.' (p. 115.)
 "In Jones, the court defined `procedure and practice' as the mode of proceeding by which a legal right is enforced." Nitchals v. Williams, 225 Kan. 285, 290-291 (1979). See also Jackson v. American Best Freight System, Inc., 238 Kan. 322, 324-325 (1985); Harding v. K.C. Wall Products, Inc., 250 Kan. 655, 666, 668 (1992).
We must therefore determine whether the amendment to K.S.A. 1993 Supp.79-2005 is merely procedural or whether retroactive application of its provisions would affect substantive rights. While K.S.A. 1993 Supp. 79-2005
is procedural in some respects, setting forth the method of proceeding to seek a refund of taxes claimed to be improperly assessed, we believe retroactive application of new subsection (b) may also affect substantive rights in some instances.
In Lakeview Village, Inc. v. Board of Johnson County Commissioners,232 Kan. 711, 723-726 (1983), the Kansas Supreme Court reviewed the history of K.S.A. 79-2005 finding that while no cause of action existed for the recovery of illegal taxes paid voluntarily under protest at common law, the 1941 amendment to K.S.A. 79-2005 created a statutory right to maintain such an action. Twice the Supreme Court has concluded that amendments to a statute requiring notice be given within a certain amount of time in order to take advantage of judicial recourse should operate prospectively to causes of action accruing after the statute became effective:
 "The legislature had the power to fix conditions precedent to the maintenance of an action against the city, but a restrictive condition which did not allow a party reasonable time after the enactment to bring an action for the enforcement of an existing right or to make compliance with prescribed conditions would be invalid." Bailey v. Baldwin City, 119 Kan. 605, 607
(1925); Stevenson v. Topeka City Council, 245 Kan. 425, 429 (1989).
The Stevenson Court pointed out that "[w]ere the statute to be applied retrospectively in Bailey, the appellant's claim would be barred immediately upon passage of the statute because three months had passed since the injury occurred. As there were no provisions dealing with the existing causes of action, retrospective application of the statute was deemed contrary to legislative intent and, therefore, denied." Similarly, any taxpayer who commenced a valuation appeal prior to the enactment of L. 1994, ch. 275 would have been immediately upon passage of the amendment barred from invoking the payment under protest procedure with no reasonable period of time or ability after enactment to take some action to allow them to invoke the procedure. (Had they known this section was to be passed, taxpayers may have chosen not to commence the K.S.A. 79-1448 appeal process so as to preserve their right to pay under protest.) Because there is no apparent legislative intent to affect taxpayers in this way, we believe the statute should not be read to apply retroactively to such taxpayers.
In conclusion, new subsection (b) of K.S.A. 79-2005 as amended by L. 1994, ch. 275, sec. 3 may not be applied retroactively in cases where substantive rights would be prejudicially affected.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jlm