NOT DESIGNATED FOR PUBLICATION

No. 115,998

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL L. GRAYSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL L. KLAPPER, judge. Opinion filed July 7, 2017. Affirmed.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*:  Michael L. Grayson pled guilty to one count of possession of cocaine with the intent to distribute under K.S.A. 2011 Supp. 21-5705(a)(1), a drug severity level 2 felony. Grayson was sentenced to 47 months' imprisonment after the trial court granted a 12-month downward durational departure as part of the plea agreement. Grayson moved to correct illegal sentence, arguing that his sentence was illegal because his offense was incorrectly classified as a severity level 2 felony. The trial court denied Grayson's motion and he appealed. On appeal, Grayson argues that his conviction was illegally classified as a severity level 2 offense. He asserts that his conviction should have

1

been classified as a severity level 3 offense because K.S.A. 2011 Supp. 21-5705(c)(1) states that a violation of K.S.A. 2011 Supp. 21-5705(a) is generally considered a severity level 3 felony. Moreover, no statutory exceptions apply to his conviction that would enhance its severity level. For reasons set forth below, we reject Grayson's argument. Accordingly, we affirm.

On June 8, 2012, Grayson was charged with one count of possession of cocaine with the intent to distribute, a drug severity level 3 felony under K.S.A. 2011 Supp. 21-5705(a)(1). He was also charged with one count of possession of cocaine without a tax stamp under K.S.A. 79-5204 and K.S.A. 79-5208, a severity level 10 nonperson felony. On June 26, 2012, the information was amended to charge the possession with intent to distribute as a drug severity level 2 nonperson felony under K.S.A. 2011 Supp. 21-5705(a)(1).

Before trial, the parties reached a plea agreement. On August 15, 2013, the trial court held a plea hearing. Grayson agreed to plead guilty to possession of cocaine with the intent to distribute, a drug severity level 2 nonperson felony. In exchange, the State agreed to dismiss the charge for possession of cocaine without a tax stamp. The parties also agreed that at sentencing, they would jointly recommend a downward durational departure of 12 months from the standard presumptive grid sentence. Particularly relevant to this appeal, the parties and the trial court discussed the reason behind Grayson pleading guilty to a drug severity level 2 felony and not a severity level 3 felony. The trial judge asked the parties if Grayson was being charged with a level 2 felony because of a prior conviction. The State asserted that the trial court was correct. Grayson's attorney stated that he was being charged with level 2 because of the amount of cocaine that he possessed. The State corrected Grayson's attorney, stating "[t]hat would be under the new statute. The old statute is a severity Level 2 because of the prior conviction." The trial court accepted Grayson's guilty plea.

On October 11, 2013, a sentencing hearing was held. Grayson's criminal history score was established as an E. Grayson did not object to the score. In accordance with the plea agreement, Grayson was sentenced to 47 months' imprisonment with 36 months of postrelease supervision. This amount reflected a 12-month downward durational departure from the standard grid sentence of 59 months for a drug severity level 2 nonperson felony committed by an individual with a criminal history score of E.

On October 17, 2013, the first sentencing journal entry of judgment was filed. The journal entry indicated that Grayson was convicted of possession of cocaine with the intent to distribute after July 1, 2011—a drug severity level 3 felony, not a severity level 2 felony as he had pled. The statute of conviction listed on the journal entry was K.S.A. 21-5705(a)(1). On December 12, 2013, the sentencing court filed its first nunc pro tunc sentencing journal entry of judgment. The new journal entry indicated that Grayson was convicted of possession of 100-1,000 grams of cocaine with the intent to distribute after July 1, 2012—a drug severity level 2 felony. The statute of conviction listed on the second journal entry was K.S.A. 21-5705(a)(1).

On September 18, 2015, Grayson moved pro se to correct illegal sentence. In his motion, he argued that his crime of conviction was incorrectly graded as a severity level 2 offense and should have instead been classified as a severity level 3 offense. Thus, Grayson asserted that his sentence was illegal.

On September 23, 2015, Grayson, through counsel, moved to correct the journal entry nunc pro tunc. Grayson argued that the journal entry was incorrect because he committed his crime on June 6, 2012, but the journal entry listed that he was convicted of possession of cocaine with the intent to distribute *after* July 1, 2012. Thus, Grayson argued that it was not possible that he committed the crime under the statute in effect on July 1, 2012. In the motion, Grayson's counsel also acknowledged that he had received letters from Grayson regarding the severity level of his conviction.

3

On November 18, 2015, a motion hearing was held regarding Grayson's motion to correct the journal entry and also his pro se motion to correct illegal sentence. At the hearing, both parties agreed that the journal entry needed correction so that it would reflect that Grayson was convicted of the statute in effect between July 1, 2011, and July 1, 2012—K.S.A. 2011 Supp. 21-5705. The trial court allowed Grayson to make his pro se argument regarding his motion to correct illegal sentence. After considering Grayson's argument, the trial court denied his pro se motion to correct illegal sentence but granted his motion to correct the journal entry to represent the statute that existed when he committed his crime of conviction. Grayson timely appealed.

On January 7, 2016, the trial court filed its second sentencing journal entry of judgment nunc pro tunc, making the changes asked for in Grayson's motion to correct the journal entry nunc pro tunc. The January 7, 2016, journal entry, however, once again incorrectly listed that Grayson's offense was a drug severity level 3 felony. On February 8, 2016, the trial court filed its third sentencing journal entry of judgment and corrected its mistakes. The final journal entry correctly lists that Grayson was convicted of possession of cocaine with intent to distribute, a drug severity level 2 felony.

*Is Grayson's Sentence Illegal Under K.S.A. 2011 Supp. 21-5705(c)(1)(B)?*

In his motion to correct illegal sentence, Grayson argued that "[t]he courts illegally sentenced defendant under the new provision that went to [*sic*] effect after July 01, 2012." Grayson specifically argued that because he was in possession of 4.3 grams of cocaine when he was arrested, his crime should have been classified as a severity level 3 offense under K.S.A. 2012 Supp. 21-5705.

At the hearing on his motion to correct an illegal sentence, Grayson's counsel offered the following explanation for Grayson's pro se motion:

4

"The confusion came in when [Grayson] here got a copy of that [December 12, 2013,] nunc pro tunc journal entry and he took a look at the . . . grid which would show that based on the amount [of cocaine] that he had that the offense should have been a level 3, which had he committed this offense a month later than when he did, it would have been a level 3, but he committed the offense on June 6, 2012. And at that time [K.S.A. 2011 Supp.] 21-5705 was in effect which made it a level 2 because of the fact that it was his second offense of that nature. And so consequently, based on what I can tell in my research, it should have been a level 2. He was in the [criminal history] E box. The sentence he got was 59 months and the plea agreement was that we agreed to a 12-month durational departure, which would have made the sentence 47 months, which is what he got."

The old and new statutes the parties were referring to were different versions of K.S.A. 21-5705. Effective July 1, 2011, the statute was transferred from K.S.A. 21-36a05 to K.S.A. 2011 Supp. 21-5705. Effective July 1, 2012, K.S.A. 21-5705 was substantively changed insomuch as the new version tied the severity level of the offense to the amount of controlled substance possessed by defendant when he or she was arrested. See K.S.A. 2012 Supp. 21-5705(d)(1).

After reviewing the record, it is clear that Grayson's counsel was correct at the motion hearing. Grayson's argument in his motion was the result of an error in his December 12, 2013, sentencing journal entry of judgment. The journal entry listed the incorrect crime of conviction—the 2012 version of the statute instead of the 2011 version of the statute. Grayson committed his crime on June 6, 2012, about 1 month before the 2012 statute went into effect. Thus, because Grayson's conviction was covered by K.S.A. 2011 Supp. 21-5705, the trial court properly denied his motion to correct illegal sentence based on the arguments he presented to the court.

5

On appeal, though, Grayson does not advance the same arguments that he made in his motion. Instead, he argues that the court incorrectly categorized his crime as a drug severity level 2 felony because he did not meet the enhancement exception under K.S.A. 2011 Supp. 21-5705(c)(1)(B). The State argues that this court is barred from considering Grayson's arguments because he did not raise them below. But because "[t]he court may correct an illegal sentence at any time," we may consider Grayson's new arguments for the first time on appeal. See K.S.A. 22-3504; see also *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

Our Supreme Court has defined an illegal sentence as

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citation omitted.]" *Dickey*, 301 Kan. at 1034.

Grayson's argument is based on the premise that his sentence did not conform to the applicable statutory provision. This means that our question involves statutory interpretation. The interpretation of a statute is a question of law over which this court exercises unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). "'The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained.' [Citation omitted.]" *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016).

Grayson argues that based upon the plain language of K.S.A. 2011 Supp. 21-5705(c)(1)(B), his crime should have been classified as a severity level 3 felony and not a severity level 2 felony. The relevant provisions of the statute state:

"(c)(1)  Violation of subsection (a) is a drug severity level 3 felony, except that:

. . . .

(B) violation of subsection (a)(1) is a drug severity level 2 felony if that person has one prior conviction under subsection (a)(1), under K.S.A. 65-4161 prior to its repeal, or under a substantially similar offense from another jurisdiction." K.S.A. 2011 Supp. 21-5705(c)(1)(B).

Grayson's prior conviction that the court used to enhance the severity level of his crime was for a violation of K.S.A. 2010 Supp. 21-36a05. Grayson argues that because a prior conviction under K.S.A. 2010 Supp. 21-36a05 is not specifically listed in K.S.A. 2011 Supp. 21-5705(c)(1)(B), his prior conviction should not have enhanced the severity level of his crime to a drug severity level 2 felony. Grayson's argument is a subtlety not warranted by the law.

Here, there is no dispute that Grayson was charged under subsection (a)(1) of K.S.A. 2011 Supp. 21-5705. Grayson's current conviction was classified as a drug severity level 2 felony because he had a prior conviction under K.S.A. 2010 Supp. 21-36a05(a)(1). K.S.A. 2010 Supp. 21-36a05 was the previous version of K.S.A. 2011 Supp. 21-5705. K.S.A. 2010 Supp. 21-36a05 was transferred to K.S.A. 2011 Supp. 21-5705 effective July 1, 2011. The transfer did not include any substantive changes to subsections (a)(1) or (c)(1)(B)—the subsections relevant to Grayson's current appeal. The only substantive change was that subsection (a)(7) was added to expand the statute's list of covered controlled substances. Thus, the subsection "(a)(1)" referred to in K.S.A. 2011 Supp. 21-5705(c)(1)(B) is the same subsection "(a)(1)" that Grayson was convicted under when he violated K.S.A. 2010 Supp. 21-36a05(a)(1). This is because K.S.A. 2010 Supp. 21-36a05(a)(1) was repeated in K.S.A. 2011 Supp. 21-5705(c)(1)(B). The fact that the statute changed title numbers—or where it is located in the criminal code—is of no consequence. Indeed, when the statutory language of a former statute is preserved or repeated in the amended statute, the preserved or reenacted provision is considered a

7

continuation of the former statute and not a new enactment. See *Jones v. Garrett*, 192 Kan. 109, 113-14, 386 P.2d 194 (1963).

Moreover, if we were to find otherwise, we would be interpreting K.S.A. 2011 Supp. 21-5705(c)(1)(B) in a way that would lead to an absurd or unreasonable result. Indeed, this court is required to construe statutes so that unreasonable or absurd results are avoided. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

Because K.S.A. 2010 Supp. 21-36a05 was repeated in K.S.A. 2011 Supp. 21-5705, and because K.S.A. 2010 Supp. 21-36a05(a)(1) and K.S.A. 2011 Supp. 21-5705(a)(1) are identical, Grayson's conviction was properly classified as a drug severity level 2 felony under K.S.A. 2011 Supp. 21-5705(c)(1)(B). Under that provision, Grayson does have "one prior conviction under subsection (a)(1)." Thus, Grayson's sentence is not illegal.

Affirmed.