(916 P.2d 43)

No. 73,351

ANITA K. GARDNER, *Appellee,* v. RICHARD LEE GARDNER, *Appellant.*

Opinion filed May 3, 1996.

*Robert A. Martin,* of Norton, Wasserman, Jones & Kelly, of Salina, for appellant.

*J. Scott Thompson,* of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before PIERRON, P.J., MARQUARDT, J., and JAMES J. SMITH, District Judge, assigned.

MARQUARDT, J.: Richard Lee Gardner appeals from the district court's order reviving dormant child support judgments dating back to July 1, 1981.

On January 2, 1979, the district court filed a journal entry of divorce which ordered Richard to pay $150 per month in child

support. The child support payments were ordered to begin on January 1, 1979, and to continue "until said children reach the age of majority or until further order of the court."

All judgments from July 1, 1981, through September 30, 1994, were unsatisfied. On April 14, 1994, Anita Kaye Gardner's assignee, SRS, filed a motion for revivor. On October 25, 1994, SRS filed a second motion for revivor of all judgments from July 1, 1981, through September 30, 1994.

The district court granted the motion for revivor for all judgments from July 1, 1981, through September 30, 1994, applying K.S.A. 60-2403 and K.S.A. 60-2404.

## DORMANCY AND REVIVOR STATUTES

Richard appeals, arguing that the district court misinterpreted the dormancy and revivor statutes.

This issue requires the court to construe Kansas statutes governing the reviving of dormant judgments. See K.S.A. 60-2403; K.S.A. 60-2404. Because construction of a statute is a question of law, this court's review is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). The function of this court is to interpret a statute to give it the effect intended by the legislature. See *Cyr v. Cyr*, 249 Kan. 94, 98, 815 P.2d 97 (1991).

Child support payments become final judgments on the dates they become due and unpaid. *Michels v. Weingartner*, 254 Kan. 44, Syl. ¶ 1, 864 P.2d 1189 (1993). "Such judgments may be enforced like other judgments and are subject to the dormancy statute." *Dallas v. Dallas*, 236 Kan. 92, 93, 689 P.2d 1184 (1984).

Generally, unless certain action is taken, a judgment becomes dormant after 5 years. See K.S.A. 60-2403. A dormant judgment cannot be revived if it remains dormant for a specified period of time. The general rule is that a judgment that remains dormant for 2 years is extinguished. K.S.A. 60-2403(a)(1); K.S.A. 60-2404. Thus, "a plaintiff may neglect his judgment for seven years, lacking a day, and then revive and put it in force for five years more." *Riney v. Riney*, 205 Kan. 671, 680, 473 P.2d 77 (1970).

In 1988, the legislature amended K.S.A. 60-2403 and removed child support judgments from the general rule. Since 1988, child support judgments do not become extinguished unless they have "remained dormant for the period prior to the child's emancipation plus two years." K.S.A. 60-2403(b)(1); L. 1988, ch. 218, § 2; *In re Marriage of Williams*, 21 Kan. App. 2d 453, 454, 900 P.2d 860 (1995).

The district court applied the post-1988 rule and revived all of the judgments dating back to July 1, 1981.

Richard argues that the general rule of the pre-1988 statute applies to the judgments that accrued prior to July 1, 1988.

K.S.A. 60-2403(b)(2) provides that the child support extinguishment rule "shall apply only to those judgments which have not become void as of July 1, 1988." Thus, the question is: Which judgments were "void" on July 1, 1988?

"[A] void judgment or order is a nullity and may be collaterally attacked at any time." *Friesen v. Friesen*, 196 Kan. 319, 321, 410 P.2d 429 (1966); see *Sramek v. Sramek*, 17 Kan. App. 2d 573, 577, 840 P.2d 553 (1992), *rev. denied* 252 Kan. 1093 (1993).

A judgment that is dormant is not void; it may be revived and have the same force and effect as if it had not become dormant. K.S.A. 60-2404. Not until a judgment has remained dormant for the specified period of time, 2 years under the general rule, does it become "absolutely extinguished and unenforceable." *Cyr*, 249 Kan. at 97. Only those judgments older than 7 years as of July 1, 1988, would have been void. See *Riney*, 205 Kan. at 680.

Under K.S.A. 60-2403(b)(2), the new child support extinguishment rule would apply to any judgment that could have been revived on July 1, 1988. Using the 7-year rule, the district court did not err in reviving the judgments back to July 1, 1981.

## DUE PROCESS

Richard also argues that the district court violated due process in applying the child support extinguishment rule to the judgments that became due before July 1, 1988. The issue is whether K.S.A. 60-2403(b) constitutes a taking without due process because it retroactively affects a substantive right.

When considering the constitutionality of a statute, this court resolves all doubts in favor of validity. See *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 661, 831 P.2d 958 (1992).

Anita argues that if the 1988 amendment to K.S.A. 60-2403 were procedural, then retroactive application would not affect vested rights; however, if the amendment were substantive, it could not be applied retroactively.

"Vested rights" is a term that is used to describe rights that cannot be taken away by retroactive legislation. *Resolution Trust Corp. v. Fleischer*, 257 Kan. 360, 365, 892 P.2d 497 (1995). Retroactive legislation affecting vested rights would constitute the taking of property without due process. *Harding*, 250 Kan. at 668. In determining whether rights are vested, Kansas courts distinguish between substance and procedure:

" 'There is no vested right in any particular remedy or method of procedure.' *Jones v. Garrett*, 192 Kan. 109, Syl. ¶ 6, 386 P.2d 194 (1963). 'A different rule applies, however, to substantive laws. They affect vested rights and are not subject to retroactive legislation.' *Harding*, 250 Kan. at 668; *Rios v. Board of Public Utilities of Kansas City*, 256 Kan. 184, 190, 883 P.2d 1177 (1994). Procedure has been described as the 'machinery for carrying on the suit, including pleading, process, evidence, and practice,' and 'the mode or proceeding by which a legal right is enforced, that which regulates the formal steps in an action.' *Jones*, 192 Kan. 109, Syl. ¶¶ 2, 4. Substance, on the other hand, has been described as 'the law which gives or defines the right,' the 'law which gives the right or denounces the wrong,' and 'the law creating any liability against the defendant for his tort committed.' *Jones*, 192 Kan. at 114-15." *Fleischer*, 257 Kan. at 366.

The amendment of the dormancy and revivor statutes affected the mode or proceeding by which a legal right is enforced. *Fleischer*, 257 Kan. at 366. The substantive right or liability had already been created by the journal entry, which provided for the child support payments. Thus, we conclude that the laws governing dormancy and revivor are procedural and may be applied retroactively.

Both parties point to *Harding*, where the court held that statutes of limitations are procedural while statutes of repose are substantive. 250 Kan. at 668. Richard argues that a revivor statute is similar to a statute of repose. Conversely, Anita argues that a revivor stat-

ute is similar to a statute of limitations. In the instant action, this distinction is neither helpful nor dispositive.

Prior to *Harding,* Kansas law did not distinguish between statutes of repose and statutes of limitations when evaluating retroactive legislation. The rule applicable to both was " 'that the limitation may be extended, where it has not already expired. A [cause of action] which is already barred by existing laws can not be revived by a new one.' " *Harding,* 250 Kan. at 663 (quoting *Morton v. Sharkey,* 1 Kan. *535 [1860]); see *Waller v. Pittsburgh Corning Corp.,* 742 F. Supp. 581, 584 (D. Kan. 1990), *aff'd* 946 F.2d 1514 (10th Cir. 1991); *Jackson v. American Best Freight System, Inc.,* 238 Kan. 322, 324-25, 709 P.2d 983 (1985).

Discussing the power of the legislature to constitutionally revive causes of action, the *Harding* court stated:

"The legislature has the power to revive actions barred by a statute of limitations if it specifically expresses its intent to do so through retroactive application of a new law. The legislature *cannot* revive a cause of action barred by a statute of repose, as such action would constitute the taking of property without due process.

"This rule does not apply to causes of action affecting the title to real estate or personal property because such actions involve substantive or vested rights and, thus, cannot be revived regardless of any distinction between statutes of limitations and statutes of repose." 250 Kan. at 669.

Treating the extinguishment of a judgment as analogous to the barring of a cause of action under a statute of limitations or statute of repose, the distinctions made in *Harding* are not dispositive here. Even applying the pre-*Harding* rule, at the time the legislature amended the statute to change the time period of extinguishment, the 7-year time limitation for reviving the judgments had not expired on the judgments dating back to July 1, 1981.

Stated otherwise, at the time the child support extinguishment rule was enacted, the judgments dating back to July 1, 1981, could have been revived under the prior general rule. Thus, the new statute did not deprive Richard of a vested interest. See *Harding,* 250 Kan. at 663.

Affirmed.