(244 P.3d 689)

No. 103,388

CARLA CASEY, *Appellee*, v. DAN D. PLAKE, *Appellant*.

Opinion filed December 17, 2010.

*Richard L. Hines*, of Hines & Ahlquist, P.A., of Erie, for appellant.

*Douglas G. Ott*, of Hall Levy DeVore Bell Ott & Kritz, P.A., of Coffeyville, for appellee.

Before MALONE, P.J., CAPLINGER and BUSER, JJ.

MALONE, J.: Dan D. Plake appeals the district court's decision granting summary judgment in favor of Carla Casey. Carla had filed a petition requesting an accounting and distribution of sale proceeds of real estate in which she owns an undivided one-fourth interest. Plake, owner of one-half the real estate, had filed a counterpetition, claiming that he holds a 1976 judgment lien against the real estate which should be paid from the sale proceeds. Carla filed a motion for partial summary judgment, alleging that the judgment lien was unenforceable under K.S.A. 2009 Supp. 60-2403 because more than 7 years had passed since the judgment was entered and no attempt had been made to execute on the judgment.

Plake's judgment lien had been subject to a stay of execution from 1976 to 2006. Under K.S.A. 2009 Supp. 60-2403(c), the time within which action must be taken to prevent a judgment from becoming dormant does not run during any period in which the enforcement of the judgment by legal process is stayed or prohibited. But the district court granted Carla's motion for partial summary judgment, finding that Plake's judgment lien was void and

unenforceable because the tolling provision of K.S.A. 2009 Supp. 60-2403(c) was not enacted until 1990, several years after the judgment already had become dormant. The only issue on appeal is whether the district court correctly determined that Plake's judgment lien was extinguished and unenforceable under Kansas law as it existed prior to 1990.

## FACTS

The facts of this case are undisputed. On November 29, 1975, Carl Casey died intestate and was survived by his wife, Ina Casey. Pursuant to the Journal Entry of Final Settlement filed on December 1, 1976, Carl's real estate was set aside as a homestead for Ina. The journal entry also awarded Ina a judgment lien upon the real estate in the amount of $2,667.79, plus interest at the rate of 8% per annum, to compensate her for costs incurred as the administratrix of Carl's estate. The journal entry stated:

"That said lien cannot be enforced against said homestead as long as the above described real estate retains its homestead characteristics. That at such time as Ina R. Casey dies, or said homestead is abandoned, or said homestead loses its homestead status, the above described judgment for the amount of Ina R. Casey's lien will be fully enforceable."

Ina continued to occupy the homestead until her death on January 27, 2006. Ina's estate was probated and title to the real estate was divided between Ina's and Carl's children as tenants in common. Plake, Ina's only child, was awarded a one-half interest in the real estate. Carl's children, William and Carla, were each awarded a one-fourth interest. Plake was awarded all of Ina's remaining assets, including her judgment lien on the real estate.

In June 2008, the real estate was sold for $51,000, less closing costs and expenses. The parties agreed to place the proceeds in escrow. On December 29, 2008, Carla filed a petition in district court for an accounting and distribution of the net sale proceeds. Plake filed an answer and counterpetition, contending that the 1976 judgment lien was an encumbrance against the real estate and constituted a valid lien against the sale proceeds. In response, Carla alleged that the judgment was dormant and had never been revived and, therefore, was no longer enforceable.

Carla filed a motion for partial summary judgment, claiming she was entitled to judgment as a matter of law on Plake's counterpetition. Specifically, Carla argued that the judgment lien was dormant because more than 7 years had passed since the judgment was entered and no renewal affidavits or execution proceedings had been undertaken pursuant to K.S.A. 2009 Supp. 60-2403. In response to the motion for partial summary judgment, Plake argued that the dormancy period had been tolled pursuant to K.S.A. 2009 Supp. 60-2403(c) because the judgment lien was unenforceable until Ina's death. Plake also noted that Kansas case law prior to 1990 held that a judgment does not become dormant while enforcement of the judgment by legal process is stayed or prohibited.

After hearing argument on the motion, the district court determined that due to the homestead status of the real estate, the judgment lien could not have been enforced until Ina's death on January 27, 2006. The district court ruled, however, that the judgment lien was not a valid lien against the real estate proceeds because K.S.A. 2009 Supp. 60-2403 did not contain a tolling provision until its amendment in 1990, several years after the judgment lien in question already had become dormant. Consequently, the district court granted Carla's motion for partial summary judgment, concluding that the judgment lien was extinguished and unenforceable under Kansas law as it existed prior to 1990. Plake timely appealed. In response to a show cause order questioning appellate jurisdiction, Plake indicated that the enforceability of the judgment lien was the only issue in the case and the district court's ruling on the motion for partial summary judgment should be treated as a final decision under K.S.A. 2009 Supp. 60-2102(a)(4). Accordingly, this court retained jurisdiction over the appeal.

## ANALYSIS

Plake argues that the district court erred by granting partial summary judgment in favor of Carla. Specifically, Plake contends the district court erroneously determined that the dormancy period on Ina's judgment could not have been tolled prior to the 1990 amendment of K.S.A. 60-2403. Plake alleges that the statutory

amendment merely codified prior Kansas case law holding that the time within which a judgment must be enforced to prevent it from becoming dormant does not run during any period in which it is impossible to enforce the judgment by legal process.

Where there is no factual dispute, appellate review of an order granting summary judgment is de novo. *Adams v. Board of Sedgwick County Comm'rs*, 289 Kan. 577, 584, 214 P.3d 1173 (2009). Also, resolution of this appeal involves statutory interpretation. Interpretation of a statute is a question of law over which an appellate court has unlimited review. *Unruh v. Purina Mills*, 289 Kan. 1185, 1193, 221 P.3d 1130 (2009).

K.S.A. 2009 Supp. 60-2403(a)(1) outlines the time period when judgments become dormant and provides:

"Except as provided in subsection (b) or (d), if a renewal affidavit is not filed or if execution, including any garnishment proceeding, support enforcement proceeding or proceeding in aid of execution, is not issued, within five years from the date of the entry of any judgment in any court of record in this state, including judgments in favor of the state or any municipality in the state, or within five years from the date of any order reviving the judgment or, if five years have intervened between the date of the last renewal affidavit filed or execution proceedings undertaken on the judgment and the time of filing another renewal affidavit or undertaking execution proceedings on it, the judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor. When a judgment becomes and remains dormant for a period of two years, it shall be the duty of the judge to release the judgment of record when requested to do so."

In short, a judgment will generally become dormant after 5 years unless an attempt is made to execute upon the judgment or a renewal affidavit is filed, and a judgment that remains dormant for 2 years is extinguished. See *Gardner v. Gardner*, 22 Kan. App. 2d 314, 315, 916 P.2d 43, *rev. denied* 260 Kan. 992 (1996) (plaintiff may neglect judgment for 7 years, lacking a day, and then revive it and put it in force for 5 more years). But there is an exception to the timing requirements of K.S.A. 2009 Supp. 60-2403(a)(1). Subsection (c), enacted in 1990, states: "The time within which action must be taken to prevent a judgment from becoming dormant does not run during any period in which the enforcement of the judg-

ment by legal process is stayed or prohibited." See L. 1990, ch. 207, sec. 2.

Here, the judgment lien on the Casey real estate was entered on December 1, 1976. It is undisputed that Ina never filed a renewal affidavit or moved for an execution proceeding at any time thereafter. At the time the judgment was entered, the district court specifically provided that the judgment could not be enforced as long as Ina occupied the real estate as her homestead. Although the district court ultimately determined that the judgment lien could not have been executed until after Ina's death on January 27, 2006, the court ruled the judgment was no longer enforceable because it already had become dormant prior to 1990, when the tolling provision of K.S.A. 2009 Supp. 60-2403(c) was enacted.

Plake argues that the tolling provision of K.S.A. 2009 Supp. 60-2403(c) was in effect before the statutory change, which merely codified prior Kansas case law. For support, Plake relies on *Bank IV Wichita v. Plein*, 250 Kan. 701, 830 P.2d 29 (1992). In this case, Plein was granted a judgment lien against the residence occupied by his former spouse in his 1977 divorce action. Plein could not execute against the residence until his former spouse no longer occupied the residence for herself and one or more of the parties' minor children. The parties' youngest child turned 18 on November 20, 1985. After Plein's former spouse defaulted on the mortgage, Bank IV Wichita filed a petition to foreclose on the mortgage and obtained a default judgment on December 27, 1989. The default judgment was subsequently set aside on November 2, 1990. Eventually, Bank IV Wichita obtained a foreclosure judgment and the district court ruled that Plein's judgment lien had become dormant under K.S.A. 1991 Supp. 60-2403(a) and was therefore unenforceable.

On appeal, our Supreme Court in *Bank IV Wichita*, 250 Kan. at 707, noted that the 1990 legislative amendment to 60-2403 codified the holding in *Wichita Fed. Sav. & Loan Ass'n v. North Rock Rd. Ltd. Partnership*, 13 Kan. App. 2d 678, 779 P.2d 442, *rev. denied* 245 Kan. 788 (1989). In that case, the court had held that the "time within which a judgment must be enforced to prevent it from becoming dormant does not run during any period in which

it is impossible to enforce the judgment by legal process." 13 Kan. App. 2d at 683. The court in *Bank IV Wichita* determined that Plein's judgment lien was unenforceable until the parties' youngest child turned 18 and that the 5-year dormancy period did not begin to run until then. The court also determined that the dormancy period was tolled during the time that the default judgment barred Plein's execution against the residence. The court concluded, without relying on the amendment to 60-2403, that the district court erred in finding that Plein's judgment lien on the subject real estate had become dormant. 250 Kan. at 707-08.

Thus, Plake is correct in stating that the 1990 amendment to K.S.A. 2009 Supp. 60-2403 was only a codification of existing Kansas case law. The district court incorrectly determined that Plake's judgment lien was extinguished and unenforceable under Kansas law as it existed prior to 1990. Nevertheless, Carla claims that the dormancy period should not be tolled here because nothing prohibited Ina from abandoning the homestead during her lifetime and enforcing the judgment lien against the real estate. But Carla's position wrongly construes the Journal Entry of Final Settlement of Carl's estate to read that Ina was awarded either the homestead *or* the judgment lien. Instead, Ina was awarded the homestead *and* the judgment lien. As Carl's surviving spouse, Ina was entitled to the homestead pursuant to K.S.A. 59-401. Ina was separately awarded the judgment lien to compensate her for costs incurred as the administratrix of Carl's estate.

By the terms of the Journal Entry of Final Settlement, the judgment lien was stayed and was not enforceable until the homestead was relinquished. As noted by the district court, no judgment lien could be enforced against the real estate until Ina's death on January 27, 2006. Although Ina could have abandoned the homestead in order to execute on the judgment lien, she was not required to do so and the fact remains that she herself could not enforce the judgment as long as she occupied the homestead. Because Ina had no legal process by which to enforce the judgment while she still occupied the homestead, she was not required to file a renewal affidavit every 5 years or otherwise attempt to enforce the judgment in order to avoid dormancy.

In summary, the district court incorrectly determined that Plake's judgment lien was extinguished and unenforceable under Kansas law as it existed prior to 1990. The tolling provision of K.S.A. 2009 Supp. 60-2403(c) merely codified prior Kansas case law. Plake's judgment lien is valid because it only became enforceable upon Ina's death on January 27, 2006, and Plake thereafter timely sought to enforce the judgment. Thus, the district court erred by granting summary judgment in favor of Carla.

Reversed and remanded with directions to enforce the judgment lien.