NOT DESIGNATED FOR PUBLICATION

No. 114,776

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEBORAH WALKER,
*Appellee*,

v.

DAN BRIZENDINE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 16, 2016. Reversed and remanded with directions.

*Myndee M. Lee*, of Lee Law, LLC, of Overland Park, for appellant.

No appearance by appellee.

Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*: Dan Brizendine appeals the district court granting Deborah Walker's petition for an order of protection from stalking. Brizendine argues that the district court committed reversible error by failure to follow K.S.A. 2015 Supp. 60-31a05(a) which states that the district court "shall advise the parties of their right to be represented by counsel" at the hearing on the petition.

We find that the context in which our legislature used the word "shall" indicates that it intended the advisement to the parties to be mandatory rather than directory. Therefore, on this basis, we reverse and remand for a new hearing.

1

*Factual and Procedural Background*

On September 17, 2015, Walker filed a verified petition for protection from stalking against Brizendine. The district court issued a temporary order and scheduled a hearing for September 29, 2015. On September 28, 2015, Brizendine filed a detailed pro se answer to the petition, denying Walker's allegations and attaching several exhibits. On September 29, 2015, he filed pro se a memorandum of points and authorities in support of his request to deny Walker's petition.

Since the matter is being remanded to the district court on procedural grounds, we do not set out in any detail Walker's allegations, nor do we address Brizedine's claim of insufficient evidence to support the district court's determination that he stalked Walker.

On September 29, 2015, the district court convened a hearing on Walker's petition at which the parties both appeared pro se. The district court at no time advised the parties of their right to be represented by counsel and, in fact, specifically noted that "[t]his is a pro se hearing." The district court actively participated in the proceedings and ultimately concluded that Walker's petition should be granted.

The court issued a protection order to be effective until midnight on September 29, 2016. Brizendine thereafter retained an attorney and filed a timely notice of appeal. Walker has not filed an appellate brief and does not otherwise appear either pro se or through counsel in this appeal.

*Did the District Court Err by Failing to Inform the Parties of Their Right to Representation by Counsel?*

Brizendine complains that the district court failed to comply with K.S.A. 2015 Supp. 60-31a05(a) by informing the parties of their right to be represented by counsel.

Resolution of this issue requires this court to interpret the language of a statute, which is a question of law over which it has unlimited review. See *Cady v. Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Nationwide Mutual Ins. Co. v. Briggs*, 298 Kan. 873, 875, 317 P.3d 770 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Cady*, 298 Kan. at 738. The Kansas Protection from Stalking Act (KPSA) states that courts shall liberally construe its provisions to protect stalking victims and to facilitate their access to judicial protection, regardless of whether they are represented by counsel or proceeding pro se. K.S.A. 60-31a01(b); *Dester v. Dester*, 50 Kan. App. 2d 914, 917, 335 P.3d 119 (2014).

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 298 Kan. at 738; see *Stanley v. Sullivan*, 300 Kan. 1015, 1017, 336 P.3d 870 (2014) ("This court deems the language of a statute to be the primary consideration in ascertaining the intent of the legislature because the best and only safe rule for determining the intent of the creators of a written law is to abide by the language that they have chosen to use.").

K.S.A. 2015 Supp. 60-31a05(a) plainly states: "At the hearing, the court *shall* advise the parties of the right to be represented by counsel." (Emphasis added.) The word shall ordinarily connotes an obligatory meaning, although courts sometimes treat the word as directory when the context suggests as much. See *Ambrosier v. Brownback*, 304 Kan. ___, 375 P.3d 1007, 1010-12 (2016); *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, 618, 132 P.3d 870 (2006); Scalia and Garner, Reading Law: The Interpretation of Legal Texts, p. 112-15 (2012).

In *State v. Raschke*, 289 Kan. 911, 921, 219 P.3d 481 (2009), our Supreme Court designated four factors to weigh when "determining whether the legislature's use of 'shall' makes a particular provision mandatory or directory: (1) legislative context and history; (2) substantive effect on a party's rights versus merely form or procedural effect; (3) the existence or nonexistence of consequences for noncompliance; and (4) the subject matter of the statutory provision, *e.g.*, elections or notice on charges for driving under the influence."

The first *Raschke* factor is illuminating. The provision stating the district court shall advise the parties of their right to be represented by counsel has been a part of the KPSA since its adoption in 2002. See L. 2002, ch. 141, sec. 5; *Smith v. Martens*, 279 Kan. 242, 248-50, 106 P.3d 28 (2005) (discussing the KPSA's legislative history). However, we have not been directed to any legislative history or testimony addressing this specific provision. We thus proceed from the apparently unambiguous use of the word shall as requiring the district court to take a specific course of action.

The text of the statute indicates that the legislature knew how to switch between mandatory and directive language. All three sentences contained in subsection (a) contain the word shall:

> "(a) Within 21 days of the filing of a petition under the protection from stalking act a hearing *shall* be held at which the plaintiff must prove the allegation of stalking by a preponderance of the evidence and the defendant *shall* have an opportunity to present evidence on the defendant's behalf. Upon the filing of the petition, the court *shall* set the case for hearing. At the hearing, the court *shall* advise the parties of the right to be represented by counsel." (Emphasis added.) K.S.A. 2015 Supp. 60-31a05(a).

The remainder of the statute, however, uses "may":

> "(b) Prior to the hearing on the petition and upon a finding of good cause shown, the court on motion of a party *may* enter such temporary relief orders in accordance with K.S.A. 60-31a06, and amendments thereto, or any combination thereof, as it deems necessary to protect the victim from being stalked. Temporary orders *may* be granted ex parte on presentation of a verified petition by the victim supporting a prima facie case of stalking.
>
> "(c) If a hearing under subsection (a) is continued, the court *may* make or extend such temporary orders under subsection (b) as it deems necessary." (Emphasis added.) K.S.A. 2015 Supp. 60-31a05(b)-(c).

"[T]he obvious intent of the legislature in specifically changing the wording of the statute from the permissive 'may' to the mandatory 'shall' cannot be overlooked." *Szoboszlay v. Glessner*, 233 Kan. 475, 482, 664 P.2d 1327 (1983).

The second *Raschke* factor also weighs in favor of a mandatory meaning. The district court's compliance with shall in this instance has a substantive rather than simply procedural effect on the rights of both parties. Taken with the fourth *Raschke* factor, the context would indicate a legislative intent that neither party should have to stand alone before the court in an emotional situation affecting the personal safety of the petitioner and the competing perceptions of the respondent.

Certainly, in the context of the criminal law, "the right to counsel in Kansas is not only guaranteed by our federal and state constitutions, but rather the Kansas Legislature has specifically codified the right to assistance of counsel in this state." *State v. Lawson*, 296 Kan. 1084, 1093, 297 P.3d 1164 (2013). The consequences of not advising a person of his or her right to counsel can deprive a party of important protections. See *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014).

5

Admittedly, actions for protection from stalking arise under the Kansas Civil Code, rather than directly under the criminal laws. But a restraining order can impose very real consequences, both direct and collateral, including potential criminal proceedings for noncompliance. See K.S.A. 2015 Supp. 60-31a06. Applying the third *Raschke* factor, these potential consequences cannot be simply dismissed as being only "formal" or "procedural." In this instance Brizendine was ordered to "not enter or come on or around the premises, the residence . . . where the protected person resides, stays or works," which effectively rendered him unable to reside in his adjacent apartment.

The legislature, by use of the mandatory term shall, has statutorily recognized the importance of advising parties of their right to assistance of counsel in the context of proceedings for protection from stalking. The failure of the district court to do so constitutes reversible error. Brizendine is entitled to a new hearing.

Upon careful review of the transcript of the September 29, 2015, hearing, we direct that a different district court judge be assigned to this case for all proceedings on remand.

Reversed and remanded with directions.