NOT DESIGNATED FOR PUBLICATION

No. 119,610

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES AUBREY VAUGHAN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, judge. Opinion filed April 12, 2019. Affirmed in part, reversed in part, and remanded with directions.

*James A. Vaughan Jr.*, appellant pro se.

*Stephanie B. Poyer*, of Butler & Associates, P.A., of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON, J., and MCANANY, S.J.

PER CURIAM: On April 15, 2010, the district court sentenced James Aubrey Vaughan Jr. to 12 months in jail for his sixth conviction of driving under the influence. The court also imposed a $2,500 fine and ordered Vaughan to pay court costs and fees.

Seven years later, in 2017, Vaughan was in prison on some apparently unrelated conviction. On December 26, 2017, the district court ordered the garnishment of his inmate prison account at the Lansing Correctional Facility in order to apply the proceeds to the 2010 judgment for a fine, costs, and fees. Vaughan was given notice of the garnishment on January 10, 2018, the day after his account was frozen.

1

Vaughan objected to the garnishment and moved to dismiss. He argued that the judgment for the fine, costs, and fees became dormant on March 11, 2015, and void two years later on March 11, 2017, under the dormancy rules in K.S.A. 60-2403 and K.S.A. 60-2404. He requested a hearing on the matter. Twenty days later he supplemented his argument by asserting that the money in his prison account was exempt from garnishment because it was proceeds from a life insurance policy on his late mother. He asked that he be transported to the hearing or, in the alternative, that the court appoint counsel for him.

Vaughan was not present for the February 2018 hearing that followed on his motion. The court determined that Vaughan's physical presence was not required because this was a civil proceeding and oral argument was not needed because the legal issue had been fully addressed in the written submissions. The court did not entertain oral argument from the judgment creditor. Based on the motion and supporting and opposing briefs, the court overruled Vaughan's objection to the garnishment and ruled that the 2015 amendment to K.S.A. 60-2403(b) rendered the otherwise dormant money judgment against him viable and enforceable. The court did not address Vaughan's claim that the funds were exempt from garnishment as life insurance proceeds.

*Review Standards*

Vaughan appeals, raising issues of statutory interpretation regarding our garnishment laws. These are issues of law over which our review is unlimited. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). When a statute is plain and unambiguous, we do not speculate about the legislative intent behind that clear language, and we refrain from reading something into the statute that is not readily found in its

2

words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). Where there is no ambiguity, we do not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous do we use the canons of construction or legislative history to determine the Legislature's intent. 304 Kan. at 409.

*The Vitality of the Money Judgment for Court Costs, Fees, and Fines Under K.S.A. 2018 Supp. 60-2403*

Vaughan contends that the money judgment against him was void and unenforceable when the garnishment was issued. The judgment was entered against him on April 15, 2010. He argued that because no action was taken to enforce the judgment, it became dormant five years later on April 15, 2015, and was released and became void two years later on April 15, 2017, when no action had been taken under K.S.A. 60-2404 to revive the dormant judgment. He cites *Long v. Brooks*, 6 Kan. App. 2d 963, 966, 636 P.2d 242 (1981), for the proposition that "*nothing* other than revivor under K.S.A. 60-2404 can serve to revitalize a dormant judgment and that, once the period for revivor passes, there is absolutely nothing left of that judgment."

At the time this money judgment was entered, K.S.A. 60-2403(a)(1) provided that a judgment for court costs, fees, and fines became dormant five years after the judgment was entered unless a renewal affidavit had been filed or unless the judgment creditor sought execution on the judgment during the five-year period. See K.S.A. 2018 Supp. 60-2403(a)(1) (same). This applied equally to judgments for costs and the like in criminal cases. *State v. Douglas*, 47 Kan. App. 2d 734, Syl. ¶ 8, 279 P.3d 133 (2012).

A dormant judgment could be revived by a motion for revivor under K.S.A. 60-2404. If the judgment remained dormant for two years, the court was required to release the judgment upon request. See K.S.A. 60-2403(a)(1); *State v. Morrison*, 28 Kan. App.

2d 249, 254, 14 P.3d 1189 (2000). Under this version of the statute, Vaughan's judgment became dormant in April 2015 and would have become void in April 2017.

But K.S.A. 60-2403(b) was amended effective July 2015. The following language was added: "Except for those judgments which have become *void* as of July 1, 2015, no judgment for court costs, fees, fines or restitution shall be or become dormant for any purpose except as provided in this subsection." (Emphasis added.) K.S.A. 2018 Supp. 60-2403(b).

The 2015 amendment in K.S.A. 2018 Supp. 60-2403(b) is clear. At the time this statute was amended the judgment against Vaughan was dormant, but it had not yet become void. That would not have occurred until April 2017. In the meantime, the 2015 amendment to K.S.A. 60-2403(b) was enacted. That amendment revived the judgment from dormancy. Because the judgment against Vaughan was not void in 2015, the judgment could never become dormant thereafter. It remained a valid and enforceable judgment when the garnishment was issued against Vaughan's prison account. See *State v. Dwyer*, 56 Kan. App. 2d 848, Syl. ¶ 2, No. 118,940, 2019 WL 1213186 (Kan. App. 2019); *State v. Firley*, No. 115,231, 2016 WL 4259888, at *3 (Kan. App. 2016) (unpublished opinion).

*Application of K.S.A. 2018 Supp. 60-2403 Does Not Impair Vested Rights*

But Vaughan contends the law in effect at the time of the judgment applies and to apply the 2015 amended statute retroactively abrogates a "vested right."

As a general rule, a statute operates prospectively unless (1) the statutory language clearly indicates the Legislature intended the statute to operate retrospectively, or (2) the change is procedural or remedial in nature. *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 841, 367 P.3d 1252 (2016).

4

Here, both exceptions apply. The Legislature stated its intent for the 2015 amendment to apply to any judgment not void as of July 1, 2015. K.S.A. 2018 Supp. 60-2403(b). Thus, the Legislature obviously intended the amended statute to apply retroactively to judgments entered prior to its enactment. Moreover, the amendment is procedural in nature because it affects the mode or proceeding by which a legal right is enforced. *Gardner v. Gardner*, 22 Kan. App. 2d 314, 317, 916 P.2d 43 (1996).

But under either exception, the statute may not be applied retroactively when the amendment has the practical effect of abrogating a substantive or vested right. *Brennan v. Kansas Insurance Guaranty Ass'n*, 293 Kan. 446, 460, 264 P.3d 102 (2011); *Norris*, 303 Kan. at 842. A vested right is one that does not depend on some future act, contingency, or decision. *State v. Spencer Gifts*, 304 Kan. 755, 769, 374 P.3d 680 (2016). For example, consider a statute of limitations:

> "A statute of limitations is a procedural rule, which means changes typically apply retroactively. And the procedural nature of the rule means that when the legislature extends a statute of limitations period, the new time period applies to all cases that have yet to be time barred by the prior statutory period. However, cases that were time barred by the original period remain time barred—an extension to a statute of limitations cannot resurrect expired charges by eradicating the vested and complete defense the prior law afforded." *Spencer Gifts*, 304 Kan. at 769.

Dormancy is similar to a statute of limitations. Here, when the 2015 amendment to K.S.A. 60-2403(b) was enacted, the money judgment against Vaughan was dormant but not yet void. Under the prior version of the statute this judgment for costs, fees, and fines could have been revived. A dormant judgment "may be revived and have the same force and effect as if it had not become dormant." K.S.A. 60-2404. Prior to the statutory change in 2015, Vaughan had no right to have this judgment against him declared to be void. Thus the amendment did not deprive Vaughan of a vested right. Only those judgments

5

that were already void on July 1, 2015, had a vested and complete defense under the prior law. See *Gardner*, 22 Kan. App. 2d at 318.

*Statute Not Limited to Child Support Judgments*

Next, Vaughan argues that K.S.A. 2018 Supp. 60-2403(b) pertains only to child support enforcement proceedings and their costs. He cites *In re Marriage of Moore*, No. 112,047, 2015 WL 5312023, at *4 (Kan. App. 2015) (unpublished opinion), in which the court interpreted the statute as it existed before the 2015 amendment and said: "Subsection (b) deals with judgments for the support of a child."

The plain language of the statute as amended in 2015 disposes of this argument. Here is the current statute with the 2015 addition in bold:

> "(b) Except for those judgments which have become void as of July 1, 2007, no judgment for the support of a child shall be or become dormant for any purpose except as provided in this subsection. **Except for those judgments which have become void as of July 1, 2015, no judgment for court costs, fees, fines or restitution shall be or become dormant for any purpose except as provided in this subsection.** If a judgment would have become dormant under the conditions set forth in subsection (a), the judgment shall cease to operate as a lien on the real estate of the judgment debtor as of the date the judgment would have become dormant, but the judgment shall not be released of record pursuant to subsection (a)." (Emphasis added.) K.S.A. 2018 Supp. 60-2403(b).

Before the 2015 addition, the statute only applied to child support judgments. In 2015, the Legislature added another class of judgments that did not lapse and become void: judgments for "courts costs, fees, fines or restitution." See K.S.A. 2018 Supp. 60-2403(b).

Besides, we presume the Legislature did not intend to enact meaningless legislation. *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 (2014). When the Legislature revises an existing law, we presume the Legislature intended to change the law as it existed before the amendment. *Stueckemann v. City of Basehor*, 301 Kan. 718, 745, 348 P.3d 526 (2015). Here, if subsection (b) is limited to child support proceedings as it was before, then the provision in the 2015 amendment relating to judgments for "court costs, fees, fines or restitution" is meaningless.

The district court did not err in interpreting and applying K.S.A. 2018 Supp. 60-2403(b) to this garnishment action.

*No Denial of Procedural Due Process*

Vaughan contends he was denied due process when he did not receive notice of the garnishment before the garnishment was issued. He was notified of the garnishment one day after his prison account was frozen. K.S.A. 2018 Supp. 60-735(a) specifically provides: "Immediately following the time the order of garnishment is served on the garnishee, the party seeking the garnishment shall send a notice to the judgment debtor in any reasonable manner, notifying the judgment debtor . . . ." That is what occurred here. This claim fails.

Next, Vaughan claims the district court held a hearing on June 6, 2018, without providing notice to him. June 6, 2018, was the date the amended journal entry was filed, not the date of the hearing. The amended journal entry specifically refers to the hearing on February 15, 2018. That is when the hearing was held, and Vaughan had been provided notice of it.

Next, Vaughan contends that in filing the amended journal entry on June 6, 2018, the district court improperly altered its original judgment. On June 6, 2018, the district

7

court filed an amended journal entry adding a paragraph explaining that the court denied Vaughan's motion for transport to the hearing because it was a civil proceeding and therefore there was no "Constitutional or statutory right for the Defendant to be transferred at the taxpayer's expense," and "oral argument by the parties would not aid the Court in reaching its decision per Supreme Court Rule 133(c)."

K.S.A. 2018 Supp. 60-260(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record. The court may do so on motion, or on its own, with or without notice." The court in *Book v. Everitt Lumber Co., Inc.*, 218 Kan. 121, 125, 542 P.2d 669 (1975), explained:

> "A *nunc pro tunc* order may not be made to correct a judicial error involving the merits, or to enlarge the judgment as originally rendered, or to supply a judicial omission, or an affirmative action which should have been, but was not, taken by the court, or to show what the court should have decided, or intended to decide, as distinguished from what it actually did decide. The power of the court is limited to making the journal entry speak the truth by correcting clerical errors arising from oversight or omission and it does not extend beyond such function."

See *In re Marriage of Leedy*, 279 Kan. 311, 315, 109 P.3d 1130 (2005).

At the February hearing, the court denied Vaughan's motion for transport on the record because "his garnishment objection is a civil proceeding, not a criminal proceeding." The original journal entry omitted the ruling on Vaughan's motion to have him transported to the hearing. The amended journal entry of June 6, 2018, corrected this omission to accurately reflect the judgment actually rendered. The court did not alter its original judgment as Vaughan claims. This claim is without merit.

8

*The Need for a Hearing on Vaughan's Exemption Claim*

Finally, we take up Vaughan's contention that the district court ignored his claim that his inmate account contained proceeds from a "death benefit," which were exempt from garnishment under K.S.A. 60-2313(a)(1). He also claims he was denied due process when the district court refused to transport him to the hearing on his objections to the garnishment so that he could present to the court his mother's death certificate and insurance policy. He raised the exemption issue in his request for hearing and in his reply brief before the district court. He has attached a copy of his mother's death certificate and an insurance document to his appellate brief, but they were not part of the record on appeal because they were never submitted to the district court.

K.S.A. 2018 Supp. 60-735(b) and (c) outline the procedure for requesting a hearing on an exemption claim.

> "(b) If the judgment debtor requests a hearing to assert any claim of exemption, the request shall be filed no later than 14 days following the date the notice is served on the judgment debtor. If a hearing is requested, the hearing shall be held by the court no sooner than seven days nor later than 14 days after the request is filed. . . .

> "(c) If a hearing is held, the judgment debtor shall have the burden of proof to show that some or all of the property subject to the garnishment is exempt, and the court *shall* enter an order determining the exemption and such other order or orders as is appropriate." (Emphasis added.)

Here, following the hearing on Vaughan's motion, the district court did not "enter an order determining the exemption." See K.S.A. 2108 Supp. 60-735(c). Vaughan had claimed in his written submissions that he was entitled to the exemption. To the contrary, the judgment creditor contended Vaughan's funds were not exempt because they were from a private insurance policy not covered by K.S.A. 60-2313(a)(1).

9

Vaughan relies on the following exemption language in K.S.A. 60-2313:

"(a) Except to the extent otherwise provided by law, every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state:

(1) Any pension, annuity, retirement, disability, death or other benefit exempt from process pursuant to K.S.A. 12-111a, 12-5005, 13-1246a, 13-14,102, 13-14a10, 14-10a10, 20-2618, 72-1768, 72-5526, 74-4923, 74-4978g, 74-49,105 or 74-49,106, and amendments thereto." K.S.A. 60-2313(a)(1).

In *Leaf Funding, Inc. v. Simmons Medical Clinic*, 54 Kan. App. 2d 387, Syl. ¶ 1, 398 P.3d 866 (2017), this court held that the exemption in K.S.A. 60-2313(a)(1) is limited to benefits received under the statutes specified in that subsection. "[T]he legislature would not have needed to list the particular statutory benefits if, by use of the introductory '*Any,*' it had already intended that *all* pension, annuity, retirement, disability, and death benefits, from whatever source, were exempt." 54 Kan. App. 2d at 392-93. The statutes listed in subsection (a)(1) include (1) benefits available to Kansas police and fire department employees, (2) benefits for Kansas public utilities or municipalities employees, (3) benefits for judges and court reporters, (4) benefits under school supplemental retirement programs or the State School Retirement System, and (5) benefits under the Kansas Public Employees Retirement System. 54 Kan. App. 2d at 390. Funds from private insurance benefits, in contrast, are not exempt from garnishment. 54 Kan. App. 2d 387, Syl. ¶ 2.

There remains an unresolved issue as to whether the proceeds in Vaughan's prison account are exempt. This requires factual findings by the district court. Accordingly, we must remand to the district court for further proceedings on this issue. The district court must decide whether the current written submissions of the parties are sufficient to summarily resolve this matter or whether there remain unresolved fact issues as to the

10

nature and source of the funds contained in Vaughan's prison account. If further fact finding is needed, it is for the district court to determine whether the issue can be addressed by the parties providing additional written submissions of documents and arguments or by oral argument from the parties in person at a further hearing.

Affirmed in part, reversed in part, and remanded for further proceedings on Vaughan's exemption claim.